## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDI DENISE WHITE,<br>Plaintiff, | : | NO. 3:24-CV-00562 |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1]<br>*Commissioner of Social Security*,<br>Defendant. | : | |
| | : | |

### <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Sandi White's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will affirm the decision of the commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural History

On December 2, 2020, White applied for disability benefits, alleging disability beginning April 30, 2016. Transcript, Doc. 9-3 at 3. Following an initial denial, White submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 9-4 at 18. The ALJ conducted the hearing and determined that White is not disabled. Doc. 9-2 at 30, 40.

White filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is White's action seeking judicial review of the Commissioner's decision. Complaint, Doc. 1. This case is fully briefed (docs. 10, 12, 13) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, Doc. 7.

## B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

### C.   The ALJ's Decision

Here, the ALJ determined that White "was not under a disability, . . . from April 30, 2016, the alleged onset date, through December 31, 2021, the date last insured." Doc. 9-2 at 30.   The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* Doc. 9-2 at 20-30.

At step one, the ALJ determined that White "did not engage in substantial gainful activity during the period from her alleged onset date of April 30, 2016, through her date last insured of December 31, 2021." Doc. 9-2 at 20. At step two, the ALJ found that White has the following severe impairments: irritable bowel syndrome with constipation, diverticulitis, gastroesophageal reflux diseases with esophagitis,

esophageal hiatal hernia, chronic migraine, chronic tension-type headache, asthma, thrombocytosis, iron deficiency anemia, and chronic kidney disease. *Id.* At step three, the ALJ determined that White "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in" 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 24.

Between steps three and four, the ALJ found that White has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except that the claimant is limited to occasional balancing, stooping, kneeling, crouching, and climbing ramps and stairs, but never crawling or climbing ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extreme cold, extreme heat, humidity, vibration, and fumes, odors, dust, gases, poor ventilation, and other pulmonary irritants. The claimant must avoid concentrated exposure to hazards, such as unprotected heights and dangerous moving machinery.

*Id.* at 25.

At step four, the ALJ determined that White "was unable to perform any past relevant work." *Id.* at 29. At the fifth and final step, the ALJ denied White's disability claims because, after considering her "age, education, work experience, and [RFC], there were jobs that exist in

significant numbers in the national economy that the claimant could have performed." *Id.*

### D.    Issues on Appeal

White primarily argues that the ALJ's decision, which failed to include express standing and walking limitations in the RFC, is not supported by substantial evidence. Pl.'s Br., Doc. 10 at 6. Specifically, White argues that the ALJ failed: (1) to properly conduct a function-by-function assessment of White's standing and walking limitations; (2) failed to include standing and walking limitations contained within medical opinions that the ALJ found persuasive; and (3) the RFC exceeds the limitations of the medical opinions of record. *Id.* at 5.[2]

The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.    LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the

---

[2] Although White presents as distinct the third argument, it is in essence a restatement of the first two. *See* doc. 10 at 15.

findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent

[the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether White is disabled, but whether the Commissioner's finding that White is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim

requires the correct application of the law to the facts."); *see also Wright v. Sullivan,* 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca,* 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 119 (3d Cir. 2000).

## III.  <u>DISCUSSION</u>

The thrust of White's appeal is that the ALJ failed to include standing and walking limitations in the RFC. Doc. 10 at 6. White contends that the RFC assessment cannot be supported by substantial evidence because: (1) the ALJ failed to make a function-by-function assessment for White's standing and walking limitations; and (2) omitted both limitations from the RFC. Doc. 10 at 7, 12. Both arguments fail under Third Circuit precedent.

First, an ALJ's failure to perform a function-by-function analysis alone does not require remand. *Navas v. Comm'r of Soc. Sec.,* 289 F. App'x

555, 557-58 (3d Cir. 2008); *Chiaradio v. Comm'r of Soc. Sec.*, 425 F. App'x 158, 161 (3d Cir. 2011) (finding that the ALJ's RFC limitation is supported by substantial evidence despite lacking a function by function or task by task analysis); *Garrett v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 164 (3d Cir. 2008) (finding that, even though the ALJ failed to perform a function-by-function analysis, the ALJ accounted for plaintiff's testimony in an RFC analysis regarding the plaintiff's ability to sit and stand in her prior work); *see also McKean v. Colvin*, 150 F. Supp. 3d 406, 417 (M.D. Pa. 2015) (finding that a "function-by-function" analysis for medical conditions was unnecessary where the ALJ considered limitations for which there was record support).

Second, "the Third Circuit has rejected the argument that simply limiting a claimant to light work amounts to a failure to define sitting, standing, and walking limitations in terms of the RFC, but rather found that such a limitation implicitly addresses these functions." *Bayarinas v. Bisignano*, No. 24-1216, 2025 WL 2550865, at *11 (M.D. Pa. Sep. 3, 2025) (Carlson, J.) citing *Navas*, 289 F. App'x at 558. In *Navas*, the Court of Appeals held that a light work RFC assessment implies that a claimant can work a job that involves "a good deal of walking or standing," or a job

Page 11 of 15

that "involves sitting most of the time with some pushing and pulling or leg controls." 289 F. App'x at 559, citing 20 C.F.R. § 404.1567(b). Put differently, a determination of "light work" in the RFC implies a standing and walking limitation for a total of six hours in an eight-hour workday. *Bayarinas*, 2025 WL 2550865 at *11; *Good v. Bisignano*, No. 24-1158, 2025 WL 2486014, at *14 (M.D. Pa. Aug. 28, 2025) (affirming ALJ's RFC determination "even where the ALJ did not discuss a claimant's ability to sit, stand, or walk individually.").

Here, although the ALJ did not explicitly define a standing or walking limitation in the RFC, the ALJ's RFC assessment is supported by substantial evidence because it properly limited White to "light work as defined in 20 CFR 404.1567(b)." *See* doc. 9-2 at 25; *Navas*, 289 F. App'x at 559 (holding that an ALJ implicitly defines sitting, standing, and walking limitations in the RFC by finding that a claimant could perform light work as defined in 20 C.F.R. § 404.1567(b)). And a light work RFC determination implies that White is limited to a standing and walking limitation for a total of six of eight hours in a workday. *Bayarinas*, 2025 WL 2550865, at *11. "'[T]he full range of light work requires standing or

Page 12 of 15

walking, off and on, for a total of approximately 6 hours of an 8-hour workday.'" *Id.*, quoting SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983).[3]

Importantly, the ALJ's "light work" RFC assessment is consistent with and supported by two medical opinions which the ALJ found significantly persuasive. Doc. 9-2 at 28. Both Dr. Gandhi and Dr. Bermudez opined that White can "stand and/or walk" six hours in an eight-hour workday. Doc. 9-3 at 13-14, 27. And the relevant regulation defines light work as requiring "standing or walking . . . for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. The ALJ's RFC assessment, therefore, was supported by substantial evidence. *See Bayarinas*, 2025 WL 2550865, at *11 ("Thus, since the opinion evidence which the ALJ found persuasive did not include any more extreme or specific sitting, standing, or walking limitations than what is already included in the light work limitation, no more was needed here.").

White, however, insists that the Court remand the ALJ's decision because it has previously done so in *Barbour v. Kijakazi*. Doc. 10 at 7,

---

[3] SSR 83-10 makes clear that an RFC to perform "light work" includes a limitation on standing and walking to "a **total** of approximately 6 hours of an 8-hour workday," not, as White suggests (without citation to any authority) for a **minimum** of six hours. *See* Doc. 13 at 5.

citing No. 20-861, 2021 WL 4478332, at *5 (M.D. Pa. Sept. 30, 2021). But the Court's decision in *Barbour* can be distinguished. In *Barbour*, the Court's judgment to remand was based on an ALJ's failure to conduct a function-by-function analysis *and* "the inadequacies in the ALJ's . . . evaluation of the medical opinion evidence[.]" *Id.* Whereas the ALJ in this case found both medical opinions to be significantly persuasive (doc. 9-2 at 28), the ALJ in *Barbour* gave inconsistent weights to the two medical opinions without providing an explanation, leaving the Court to guess the ALJ's rationale. 2021 WL 4478332 at *5. Indeed, even the *Barbour* court recognized that "[a]n ALJ's failure to conduct a function-by-function assessment does not require remand where the ALJ's decision is otherwise supported by substantial evidence." *Id.*, citing *Cichocki v. Astrue*, 729 F.3d 172 (2d Cir. 2013). Here, unlike in *Barbour*, the ALJ's RFC determination was consistent with the limitations suggested by the two medical opinions he found persuasive, and is, thus, supported by substantial evidence.

Because the ALJ's RFC determination is supported by substantial evidence, the ALJ's failure to explicitly define a standing or walking limitation does not require remand.

Page 14 of 15

## IV.   <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: February 27, 2026                         <u>s/*Sean A. Camoni*</u>
                                                Sean A. Camoni
                                                United States Magistrate Judge